Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ZUEÉ ADORNO RIVERA Y OTROS<br><br>Demandantes-Recurridos<br><br>Vs.<br><br>MANUEL ADORNO CABRERA Y OTROS<br><br>Demandados-Recurridos<br><br>Vs.<br><br>LCDO. IVÁN LUIS MONTALVO BURGOS<br><br>Tercero Demandado-Peticionario<br><br>―――――――――<br><br>MANUEL ADORNO CABRERA<br><br>Demandante<br><br>Vs.<br><br>CARMEN L. RIVERA CINTRÓN Y OTROS<br><br>Demandados | KLCE202301391 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2020CV03341 (505)<br><br>Sobre: Nulidad de Compraventa, Daños y Perjuicios, Interdicto Posesorio<br><br>Caso Núm.: BY2020CV03488 (505)<br><br>Sobre: Dolo, Fraude, Explotación Económica, Nulidad de Donación de Inmueble y Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Bermúdez Torres y el Juez Marrero Guerrero.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de febrero de 2024.

Comparece ante nos, el Lcdo. Iván L. Montalvo Burgos (en adelante, "Notario Montalvo Burgos o peticionario"), para que

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, el 4 de noviembre de 2021, sobre *Normas para la asignación de recursos nuevos previamente presentados en el Tribunal de Apelaciones.* Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel. Véase, además, la Orden Administrativa OATA-2023-214 del 8 de diciembre de 2023, mediante la cual se modificó la composición del panel que atendió los correspondientes recursos anteriores (KLCE202200164 y KLCE202201190).

Número Identificador
RES2024_____

revisemos la *Resolución* emitida el 14 de octubre de 2023,[2] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI"), en la cual, denegó la solicitud de sentencia sumaria que presentó el peticionario. Cabe indicar que el 9 de noviembre de 2023, el TPI declaró *No Ha Lugar* la solicitud de reconsideración.

Evaluada la totalidad del expediente, **denegamos** el auto solicitado.

-I-

Pertinente al peticionario, surge de los *autos* ante nuestra consideración que el **24 de octubre de 2020**, la Sra. Zueé Adorno Rivera y su esposo, el Sr. Carlos Figueroa Miranda (en adelante, "matrimonio Adorno–Figueroa") presentaron una acción sobre nulidad de compraventa, interdicto posesorio y daños contra el Sr. Manuel Adorno Cabrera (en adelante, "señor Adorno Cabrera"),[3] el Sr. Jorge Adorno Giusti y su esposa, la Sra. Santa Enid Nieves Rivera (en adelante, "matrimonio Adorno–Nieves").[4] En resumen, el matrimonio Adorno-Figueroa alegó que el señor Adorno Cabrera, mediante escritura ante el Notario Montalvo Burgos, le donó un inmueble sito en Bayamón a la Sra. Zueé Adorno Rivera el **14 de julio de 2020**.

Arguyeron, además, que el **8 de agosto de 2020**, el señor Adorno Cabrera otorgó una escritura de compraventa a favor del matrimonio Adorno–Nieves.[5] En la **misma fecha**, la escritura de compraventa fue presentada en el Registro de la Propiedad.

De otro lado, tanto el matrimonio Adorno–Nieves como el señor Adorno Cabrera contestaron la demanda y reconvinieron.[6] Adujeron fraude, dolo y explotación financiera por parte del

---

[2] Notificada el 16 de octubre de 2023.
[3] Según los *autos*, el *Sr. Manuel Adorno Cabrera* es padre del *Sr. Jorge Adorno Giusti* y tío de la *Sra. Zueé Adorno Rivera*.
[4] Apéndice 2 del Recurso de *Certiorari*, a las págs. 17 – 22.
[5] Surge del expediente que, la escritura de compraventa fue otorgada ante la Notaria Carla M. Martínez Caraballo.
[6] Apéndices 3 y 4 del Recurso de *Certiorari*, a las págs. 23 – 51, 52 – 77.

matrimonio Adorno–Figueroa. Además, señalaron que el señor Adorno Cabrera no tenía intención de donar el inmueble.

Luego de varios trámites procesales, el **19 de noviembre de 2020**, el matrimonio Adorno–Nieves radicó contra el Notario Montalvo Burgos una *Demanda contra tercero*.[7] Consecuentemente, el peticionario presentó su contestación a demanda contra tercero el **2 de febrero de 2021**.[8] Allí, negó responsabilidad sobre las alegaciones instadas.

Así pues, el **3 de junio de 2021**, el matrimonio Adorno–Nieves sometió una *Solicitud de Sentencia Sumaria Parcial*.[9] En síntesis, alegó que la escritura de donación se mantuvo ineficaz desde el 14 de julio de 2020 hasta el 15 de diciembre de 2020, ya que los sellos no fueron cancelados hasta esa última fecha.

No obstante, el peticionario se opuso, y a su vez presentó una *Solicitud de Desestimación de Demanda de Terceros y/o de Sentencia Sumaria* el **19 de julio de 2021**.[10] Entre otras cosas, solicitó la desestimación de la demanda contra tercero, ya que, el notario no era parte indispensable en un pleito donde se cuestiona la validez de un instrumento público. Referente a la insuficiencia arancelaria, sostuvo que dicha insuficiencia no hace el instrumento nulo sino anulable hasta que sea subsanada. Además, señaló que la contraparte estaba enmendado sus alegaciones, lo que no era permisible. Por su parte, el **9 de agosto de 2021** el matrimonio Adorno–Nieves radicó su oposición a la solicitud sumaria presentada por el peticionario.[11]

Examinadas ambas mociones, las mismas fueron declaradas *No Ha Lugar* por el TPI el **13 de enero de 2022**.[12] Por lo cual, el **28**

---

[7] Apéndice 8 del Recurso de *Certiorari*, a las págs. 92 – 94.
[8] Apéndice 12 del Recurso de *Certiorari*, a las págs. 102 – 105.
[9] Apéndice 16 del Recurso de *Certiorari*, a las págs. 138 – 193.
[10] Apéndice 17 del Recurso de *Certiorari*, a las págs. 194 – 215.
[11] Apéndice 24 del Recurso de *Certiorari*, a las págs. 244 – 253.
[12] Notificada el 14 de enero de 2022.; Apéndice 25 del Recurso de *Certiorari*, a las págs. 254 – 267.

**de enero de 2022**, el peticionario solicitó reconsideración y determinaciones de hechos adicionales.[13] Por otra parte, el **4 de marzo de 2022**,[14] el señor Adorno Cabrera y el matrimonio Adorno–Nieves se opusieron a la solicitud de reconsideración del peticionario.[15] Respectivamente, cada parte presentó réplica y dúplica.[16]

Atendida todas las mociones, el **28 de septiembre de 2022**, el TPI denegó la reconsideración del peticionario.[17]

Entre tanto,[18] el descubrimiento de prueba concluyó, por lo que a este caso se refiere, el peticionario solicitó una sentencia sumaria, entre otras partes.[19] Entre sus argumentos, el Notario Montalvo Burgos indicó que la contraparte carece de prueba. Específicamente, señaló que dicha parte no tiene prueba sobre el alegado engaño al señor Adorno Cabrera, ya que no estuvo presente durante el otorgamiento del instrumento público. Además, señaló que ninguno de los otorgantes del instrumento de la donación, presentó alguna reclamación en su contra. Por lo que, solicitó la desestimación de la demanda en su contra. En oposición a la sumaria presentada, compareció el matrimonio Adorno–Nieves el **17 de julio de 2023**.[20]

---

[13] Apéndice 26 del Recurso de *Certiorari*, a las págs. 268 – 281.
[14] El matrimonio Adorno–Nieves recurrió ante este Tribunal apelativo el **14 de febrero de 2022** mediante el caso *KLCE202200164*, el cual fue denegado. Véase, Apéndice 37 del Recurso de *Certiorari*, a las págs. 383 – 392.
[15] Apéndices 28 y 29 del Recurso de *Certiorari*, a las págs. 287 – 289, 290 – 295.
[16] Apéndices 30, 31 y 32 del Recurso de *Certiorari*, a las págs. 296 – 303, 304 – 307, 308 – 310.
[17] Notificada el 29 de septiembre de 2022.; Apéndice 33 del Recurso de *Certiorari*, a las págs. 311 – 312.
[18] En el ínterin ocurrieron varios trámites procesales, a saber:
- Denegatoria del recurso *KLCE202201190* instado por el peticionario ante este Foro. *Véase*, Apéndice 45 del Recurso de *Certiorari*, a las págs. 431 – 439.
- Enmienda a la *Demanda contra terceros* solicitada el **27 de diciembre de 2022**. *Véase*, Apéndice 41 del Recurso de *Certiorari*, a las págs. 401 – 411.
- Contestación a la *Demanda contra terceros enmendada. Véase*, Apéndice 47 del Recurso de *Certiorari*, a las págs. 445 – 460.
- El peticionario radicó una reconvención contra matrimonio Adorno–Nieves, la cual fue contestada el **13 de marzo de 2023**. *Véase*, Apéndice 48 del Recurso de *Certiorari*, a las págs. 461 – 464.
[19] Apéndice 52 del Recurso de *Certiorari*, a las págs. 469 – 730.
[20] Apéndice 55 del Recurso de *Certiorari*, a las págs. 861 – 1013.

Evaluadas todas las solicitudes de sentencias sumarias presentadas, el TPI emitió una *Resolución* el **14 de octubre de 2023**.[21] Allí, determinó los siguientes **hechos como no controvertidos:**

1.   *El 14 de julio de 2020, don Manuel y la señora Adorno Rivera comparecieron ante el Notario Iván Luis Montalvo Burgos, para otorgar la "Escritura número 27 sobre donación y aceptación".*

2.   *Mediante dicha escritura, se donaba un inmueble ubicado en Villas del Olimpo #2, en Bayamón, Puerto Rico, descrito en el Registro Inmobiliario de Puerto Rico como Parcela número 2, localizada en el Barrio Cerro Gordo de Bayamón con una cabida de 3,565.041 m/c.*

3.   *El tercero demandante, Jorge Adorno Giusti, no estuvo presente durante el otorgamiento de la referida "Escritura número 27", sobre donación y aceptación.*

4.   *El licenciado Montalvo era conocido por don Manuel, ya que éste lo había contratado para otros asuntos notariales. Don Manuel había otorgado al menos 5 escrituras ante el Lcdo. Montalvo, entre ellas, una escritura de testamento abierto y dos donaciones.*

5.   *Como parte de la preparación para la autorización del instrumento público, el licenciado Montalvo obtuvo un estudio de título el 7 de julio de 2020, preparado por el Sr. Federico L. Morales Señeríz, investigador de títulos.*

6.   *Conforme a dicho estudio de título, el dominio de la finca constaba inscrito a favor de don Manuel y sus hijos Jorge y Manuel Adorno Giusti, en comunidad de bienes hereditaria.*

7.   *No obstante lo anterior, el licenciado Montalvo recibió copia de la "Escritura número 13", sobre liquidación de sociedad de gananciales, liquidación, adjudicación y partición de herencia, ratificación de compraventa de participación, otorgada el 30 de agosto de 2019, ante el Notario Héctor Cora Santiago.*

8.   *En la "Escritura número 13" comparecieron el demandado, don Manuel y los terceros demandantes.*

9.   *En la escritura de partición surge que, entre otros bienes muebles e inmuebles objeto de la liquidación hereditaria entre don Manuel y los terceros demandantes, figuraba la finca número 2, ubicada en Villas del Olimpo #2, en Bayamón, Puerto Rico, objeto de este pleito. Se identifica como la propiedad B.*

10.  *Mediante la escritura de partición, la exclusiva titularidad de la propiedad B objeto de este pleito, valorada en $285,000.00, fue adjudicada a favor de don Manuel.*

11.  *La "Escritura número 13" fue presentada en el Registro de la Propiedad el 5 de septiembre de 2019, pero fue notificada con faltas. El documento fue retirado y se presentó nuevamente el 3 de octubre de 2019 y nuevamente fue notificado por tener faltas. Fue retirado*

---

[21] Notificada el 16 de octubre de 2023.; Apéndice 1 del Recurso de *Certiorari*, a las págs. 1 – 16.

*el 21 de noviembre de 2019. Finalmente, fue presentado nuevamente el 29 de julio de 2020.*

**12.** *El relevo de Hacienda, sobre la donación, fue expedido el 15 de septiembre de 2020.*

**13.** *Don Manuel tenía plena confianza en la señora Rivera y por ello otorgó a favor de ella un "Poder general" para que ella realizara gestiones en su nombre tales como procurar el mantenimiento de sus bienes en Puerto Rico, pagar por los servicios de mantenimiento de sus bienes en Puerto Rico y comprar sus medicamentos, entre otros.*

**14.** *El 8 de agosto de 2020 el don Manuel y los esposos Adorno-Nieves comparecieron ante la Notaria Carla Martínez Caraballo, para otorgar la Escritura Número 12 de Compraventa. La propiedad objeto de la venta fue la misma que fue donada por don Manuel a su sobrina Zueé Adorno, mediante la referida Escritura Número 27, sobre Donación y Aceptación. El precio de venta de la propiedad fue $225,000.00.*[22]

Además, determinó que **los siguientes hechos estaban en controversia:**

**1.** *Si don Manuel estaba plenamente consciente y era su intención donarle el inmueble a la señora Adorno-Rivera.*

**2.** *Si el licenciado Montalvo realizó todas las advertencias y averiguaciones necesarias para conocer la verdadera intención de don Manuel.*

**3.** *Si alguno o todos: señora Adorno-Rivera, la señora Rivera y el licenciado Montalvo cometieron algún fraude o dolo.*

**4.** *Si la señora Rivera conocía que la intención de don Manuel era vender el inmueble objeto de la controversia.*[23]

En consecuencia, el TPI concluyó, en lo pertinente que:

*[A]hora bien, en este momento **no podemos desestimar** las acciones de don Manuel y el Sr. Jorge Adorno, **porque existe una controversia real sobre la intención de don Manuel,** al donar el inmueble, y si este fue intimidado o se cometió fraude por parte de la señora Adorno Rivera, su madre la señora Rivera y el licenciado Montalvo, actuando como notario. **Aunque es cierto que el fraude y dolo no se presumen, sino que deben probarse**, y que **las escrituras públicas gozan de la presunción de corrección**, no es menos cierto que en el presente caso los hechos que puedan dar pie a la acción de don Manuel y su hijo ocurrieron al momento de la otorgación de la escritura de donación. **Esto quiere decir que la prueba demostrativa de dolo y fraude es testimonial**, pues se retrotrae al momento en que las partes comparecieron a otorgar la escritura de donación **y el tribunal debe examinar en sala la credibilidad de cada testigo**. No podemos olvidar que <u>don Manuel es una persona de edad avanzada</u>. Tampoco podemos dejar pasar el hecho de que <u>el inmueble donado parece constituir una porción</u>*

---

[22] *Id.*, a las págs. 6 – 8.; El TPI añadió como hechos probados los esbozados en la *Resolución y Orden* del 14 de enero de 2022 [Entrada 146].

[23] Apéndice 1 del Recurso de *Certiorari*, a las págs. 8 – 9.

*considerable de los activos de este demandado y que al menos por un tiempo don Manuel quiso y llevó a cabo gestiones para vender el inmueble. Tampoco podemos pasar por alto que la señora Rivera era la apoderada de don Manuel y que es su hija la que se benefició con la donación del inmueble, aun cuando la señora Rivera pudo haber conocido que don Manuel realmente quería vender el inmueble. En fin,* **en este momento hay suficientes dudas que ninguna parte ha logrado despejar para este tribunal poder resolver la controversia, mediante sentencia sumaria.** *Mas bien, según los hechos debemos examinar a las partes en un juicio plenario, y determinar la credibilidad de cada testigo para luego proceder conforme a derecho.*[24]

Así, el TPI denegó la solicitud de sentencia sumaria presentada por el peticionario. En lo pertinente, expresó: *"[e]ste tribunal DENIEGA la "Moción de sentencia sumaria para desestimar demanda de terceros" (Entradas 206 y 207), presentada por el tercero demandado, el Lcdo. Iván Luis Montalvo Burgos. […]".*[25]

El **30 de octubre de 2023** el peticionario solicitó reconsideración,[26] la cual, fue declarada *No Ha Lugar* el **9 de noviembre de 2023**.[27]

Inconforme, el **8 de diciembre de 2023**, el Notario Montalvo Burgos recurrió ante este Tribunal de Apelaciones y señaló el siguiente error:

*ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA CUANDO DECLARA NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN Y/O SENTENCIA SUMARIA DEL TERCERO DEMANDO LICENCIADO IVÁN LUIS MONTALVO BURGOS, CUANDO NO EXISTEN CONTROVERSIAS DE HECHO QUE DEBAN DIRIMIRSE EN UN JUICIO PLENARIO; LAS ALEGACIONES DE LA DEMANDA DE TERCERO NO SON SUFICIENTES EN DERECHO; EL TERCERO DEMANDANTE NO TIENE ACCIÓN LEGITIMADA PARA LA ACCIÓN CONTRA EL NOTARIO; EL TERCERO DEMANDANTE NO CUENTA CON PRUEBA SUFICIENTE EN DERECHO PARA PROBAR SU CAUSA DE ACCIÓN Y EL DERECHO LE ASISTE A ESTA PARTE.*

En oposición a la expedición del auto solicitado, el **2 de enero de 2024** compareció el matrimonio Adorno–Nieves. En la **misma fecha**, compareció el *Sr. Manuel Adorno Cabrera* oponiéndose al

---

[24] *Id.*, a las págs. 14 – 15.
[25] *Id.*, a la pág. 15.
[26] Apéndice 62 del Recurso de *Certiorari*, a las págs. 1392 – 1401.
[27] Notificada el 10 de noviembre de 2023.; Apéndice 65 del Recurso de *Certiorari*, a las págs. 1418 – 1419.

recurso solicitado. Habiendo comparecido todas las partes, damos por sometido el asunto.

**-II-**

**-A-**

Sabido es que el auto de *certiorari* es un medio procesal que se distingue por su carácter discrecional. Ello permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[28] En ese sentido, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[29]

Así, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender y revisar un recurso de *certiorari* emitido por un TPI; en ese sentido, dispone:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].*[30]

Bajo el palio de la discrecionalidad, la Regla 40 del Reglamento del Tribunal Apelaciones nos establece los siguientes criterios para la expedición de un *certiorari* o de una orden de mostrar causa:

> **(A)** *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> **(B)** *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> **(C)** *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

---

[28] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[29] *García v. Asociación,* 165 DPR 311, 321 (2005).
[30] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[31]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[32]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[33]

**-B-**

En nuestro ordenamiento, el mecanismo de sentencia sumaria procura, ante todo, aligerar la tramitación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo.[34] A tal efecto, la Regla 36 de las de Procedimiento Civil dispone el proceso mediante el cual cualquiera de las partes puede solicitar al tribunal que dicte sentencia sumaria a su favor.[35] De esta forma, cuando cualquier parte le solicite al tribunal que el pleito sea resuelto por la vía sumaria, deberá demostrar en su solicitud, *"la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para*

---

[31] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[32] *Zorniak Air Services v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[33] *SLG Zapata- Rivera v. J.F. Montalvo,* 189 DPR 414, 434 – 435 (2013).
[34] *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018).
[35] 32 LPRA Ap. V., R. 36.

*que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación".*[36]

Los hechos esenciales y pertinentes a los que se refieren las Reglas de Procedimiento Civil son los que se conocen como *"hechos materiales".*[37] Al respecto, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Además, la controversia sobre el hecho material tiene que ser real. Esto es, que una controversia no es siempre real o sustancial o genuina. La controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario.[38]

Ahora bien, la Regla 36.3 de Procedimiento Civil, detalla el procedimiento que deben seguir las partes al momento de solicitar que se dicte una sentencia sumaria a su favor.[39] A esos efectos, la mencionada regla establece que una solicitud al amparo de ésta deberá incluir:

> **(1)** *una exposición breve de las alegaciones de las partes;*
> **(2)** *los asuntos litigiosos o en controversia;*
> **(3)** *la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
> **(4)** *una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
> **(5)** *las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable; y*
> **(6)** *el remedio que debe ser concedido.*[40]

Presentada una solicitud de sentencia sumaria, la parte que se opone a la concesión de la misma también deberá cumplir con ciertos requisitos preceptuados en la referida regla y deberá argumentar el derecho aplicable a la controversia, ya sea para que

---

[36] 32 LPRA Ap. V., R. 36.1 y 36.2.
[37] *Id.*
[38] 32 LPRA Ap. V., R. 36.1.; *Ramos Pérez v. Univisión,* 178 DPR 200, 213-214 (2010).
[39] 32 LPRA Ap. V, R. 36.3.
[40] *Id.; Pérez Vargas v. Office Depot / Office Max, Inc.,* 203 DPR 687, 698 (2019).

el pleito no sea resuelto por la vía sumaria, o para que se dicte sentencia sumaria a su favor. Es decir, el hecho de que una parte solicite sentencia sumaria no implica que la misma debe ser resuelta a su favor. Esto es así porque la sentencia sumaria puede dictarse a favor o en contra del promovente, según proceda en derecho.[41]

**-III-**

De entrada, acogemos las determinaciones de hechos no controvertidos de la *Resolución* recurrida. De igual modo, coincidimos con la denegatoria de la sentencia sumaria en cuanto a que todavía quedan hechos en controversia que se deben atender mediante prueba testimonial, cuya credibilidad debe ser evaluada por el TPI.

Es decir, el caso ante nos no presenta ninguna de las circunstancias contempladas en la citada Regla 52.1 de Procedimiento Civil, que nos motive expedir el auto solicitado. Tampoco encontramos justificación alguna para intervenir con la *Resolución* recurrida, a la luz de los criterios establecidos en la citada Regla 40 del Reglamento del Tribunal de Apelaciones. En consecuencia, toda vez que el peticionario no señaló prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con prejuicio, parcialidad o error manifiesto, denegamos la expedición del auto de *certiorari*.

**-IV-**

Por lo antes expuestos, **denegamos** el auto de *certiorari* solicitado.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[41] *Rodríguez García v. UCA, supra, pág. 941.*